IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DERRICK D. FIELDS                                                                                  PLAINTIFF

v.                                         Civil No. 4:21-cv-04083

CAPTAIN ADAMS; SERGEANT GOLDEN; and
WARDEN JEFFRIES                                                                                  DEFENDANTS

**REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Before the Court is Plaintiff's failure to comply with orders of the Court.

Plaintiff Derrick D. Fields, currently an inmate of the Miller County Detention Center "MCDC"), filed this *pro se* civil rights action November 4, 2021. (ECF No. 1). Plaintiff failed to submit a completed certificate regarding his inmate account with his initial *in forma pauperis* ("IFP") application because it was not signed by an authorized officer of the MCDC. (ECF No. 2). In this IFP application he indicated he had "0" funds in his prisoner account for the last six months. *Id.*

That same day, the Court ordered Plaintiff to submit a completed IFP application signed by an authorized agent from the MCDC. (ECF No. 3). Later in the day, the Court received a Supplement (ECF No. 5) which contained a Certificate of Inmate Account and Assets representing Plaintiff had "0" funds in his account for the last six months. The signature on the document in the space for the Authorized Officer of the MCDC reads "C/O Hick". *Id.* However, the word "County" was misspelled as "Conty" and the document was not stamped by the MCDC. *Id.*

In response to the Court's order, Plaintiff submitted an Amended Complaint (ECF No. 6) and a second IFP application on November 19, 2021. (ECF No. 7). This time the Certificate of Inmate Account and Assets appeared to be signed by a "Cpl Moore". *Id.* at p. 3. The document again represented Plaintiff had "0" funds in his account for the last six months and the document was not stamped by the MCDC. *Id.*

Because of the discrepancies in Plaintiff's certificates of his inmate account, the Court ordered the Warden or Jail Administrator of the MCDC to review the Certificates of Inmate Account and Assets (ECF Nos. 5 and 7 at p. 3) to determine if these documents were forged by Plaintiff. On December 9, 2021, Jeffie Walker filed an affidavit stating, "I, Jeffie Walker, the Warden/Jail Administrator of the Miller County Detention Center, have examined the Certificates of Inmate Account and Assets. I have found that the documents (ECF Nos. 5 and 7 at p. 3) presented to me by the Court were in fact forged." (ECF No. 9).

On December 15, 2021, the undersigned issued a Report and Recommendation recommending Plaintiff's applications to proceed IFP be denied. (ECF No. 10). On January 4, 2022, the Court adopted the Report and Recommendation, denied Plaintiff's applications to proceed IFP, and ordered Plaintiff to pay the filing fee of $350.00 plus the $52 administrative fee for a total of $402 within 30 days of the date of the order. (ECF No. 11). Plaintiff did not respond.

On February 7, 2022, the Court entered an order directing Plaintiff to show cause by February 28, 2022, as to why he failed to comply with the Court's order directing him to pay the $402 filing fee. (ECF No. 12). The order also informed Plaintiff that failure to comply would result in this case being dismissed. *Id.* On February 14, 2020, Plaintiff filed a Response to the show cause order stating in part, "Go Head File. Reason: unable to pay filing fees…why: I am still in Miller County Jail. And I have no money on my Inmate Account Go Head File on Account of do

to this issue that the Government is liable for filing fees and charge me…" (ECF No. 13). To date, Plaintiff has not paid the filing fee.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), I recommend Plaintiff's Amended Complaint (ECF No. 6) be dismissed without prejudice.

**DATED** this 3rd day of March 2022.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE